United States District Court
Southern District of Texas
**ENTERED**
July 02, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE FRANCISCO SAMAYOA, <br> TDCJ #1865655, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal <br> Justice - Correctional <br> Institutions Division, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-19-5000 |

## MEMORANDUM OPINION AND ORDER

Jose Francisco Samayoa (TDCJ #1865655) has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1) challenging a conviction entered against him in Harris County, Texas. Now pending is Respondent [Lorie Davis]'s Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 19), arguing that the Petition is barred by the governing one-year statute of limitations. Samayoa has not replied and his deadline to do so has expired. After considering all of the pleadings, the state court records, and the applicable law, the court will grant Respondent's MSJ and will dismiss this action for the reasons explained below.

I. **Background**

A Harris County grand jury returned two separate indictments against Samayoa charging him with aggravated sexual assault of a disabled person in Cause Nos. 1378265 and 1378267.[1] A jury in the 262nd District Court for Harris County found Samayoa guilty as charged in both indictments and sentenced him to 50 years' imprisonment.[2] Consistent with the jury's verdict, the trial court entered a judgment of conviction and imposed sentence on June 21, 2013.[3]

On direct appeal Samayoa challenged the sufficiency of the evidence in support of his convictions.[4] The court of appeals rejected that argument and affirmed those convictions in an unpublished opinion. See Samayoa v. State of Texas, Nos. 01-13-00537-CR & 01-13-00538-CR, 2014 WL 3608216, at *4 (Tex. App. — Houston [1st Dist.] July 22, 2014).[5] The Texas Court of Criminal

---

[1]Indictment, Cause No. 1378265, Docket Entry No. 18-5, p. 29; Indictment, Cause No. 1378267, Docket Entry No. 18-19, p. 27. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Court Reporter's Record, vol. 7, Docket Entry No. 18-12, p. 44; Court Reporter's Record, vol. 8, Docket Entry No. 18-13, pp. 13-14.

[3]Judgment of Conviction by Jury in Cause No. 1378265, Docket Entry No. 18-5, p. 82.

[4]Appellant's Brief, Docket Entry No. 18-16, p. 9.

[5]Memorandum Opinion, Docket Entry No. 18-4, pp. 1-9.

Appeals refused his petition for discretionary review on October 1, 2014. See id., 2014 WL 3608216, at *1.

On October 19, 2015, Samayoa executed an Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure, Article 11.07 ("State Habeas Application") to challenge each of his convictions.[6] The trial court recommended that relief be denied on Samayoa's sole claim, which repeated his contention that there was insufficient evidence to support his convictions.[7] The Texas Court of Criminal Appeals agreed and denied relief without a written order on February 17, 2016.[8]

On December 7, 2019, Samayoa executed the pending federal habeas corpus Petition for review of his convictions under 28

---

[6]State Habeas Application in Cause No. 1378265-A, Docket Entry No. 18-22, pp. 5-12; State Habeas Application in Cause No. 1378267-A, Docket Entry No. 18-24, pp. 5-12. The petitioner's pro se submissions are treated as filed on the date he placed them in the prison mail system under the prison mailbox rule, which also applies to post-conviction proceedings in Texas. See Richards v. Thaler, 710 F.3d 573, 578-79 (5th Cir. 2013). The respondent notes that the Harris County District Clerk did not receive Samayoa's State Habeas Applications until December 1, 2015, because he appears to have sent them directly to the Texas Court of Criminal Appeals. See Respondent's MSJ, Docket Entry No. 19, p. 6 n.3. For purposes of ruling on Respondent's MSJ, the court will use the date most favorable to Samayoa and will treat the date he signed his State Habeas Applications as the date they were filed.

[7]State's Proposed Findings of Fact, Conclusions of Law, and Order in Cause No. 1378265-A, Docket Entry No. 18-22, pp. 22-24; State's Proposed Findings of Fact, Conclusions of Law, and Order in Cause No. 1378267-A, Docket Entry No. 18-24, pp. 22-24.

[8]Action Taken on Application No. WR-84,491-01, Docket Entry No. 18-21, p. 1; Action Taken on Application No. WR-84,491-02, Docket Entry No. 18-23, p. 1.

U.S.C. § 2254.[9] The Petition was completed initially by Samayoa in Spanish and filed in the Corpus Christi Division, which transferred the case to Houston after a translated version of that Petition was prepared by a court interpreter.[10] His sole claim appears to be that he was denied effective assistance of counsel in connection with his appeal.[11] The respondent argues that the Petition must be dismissed because it is untimely and barred by the governing one-year statute of limitations on federal habeas corpus review.[12]

## II. Discussion

**A.   The One-Year Statute of Limitations**

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), Samayoa's Petition is subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which runs from the latest of --

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[9] Petition, Docket Entry No. 1, p. 15.

[10] Opinion and Order of Transfer, Docket Entry No. 7, pp. 1-2.

[11] Petition, Docket Entry No. 1-1, p. 5.

[12] Respondent's MSJ, Docket Entry No. 19, pp. 3-9. The respondent argues further that Samayoa's claim is unexhausted and procedurally barred. See id. at 9-10. Because the Petition is time-barred, the court does not address these arguments further.

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

After the Texas Court of Criminal Appeals refused his petition for discretionary review on October 1, 2014, Samayoa's convictions became final ninety days later on December 31, 2014, when his time expired to petition for a writ of certiorari from the United States Supreme Court. See SUP. CT. R. 13.1 (a petition for a writ of certiorari to review a judgment entered by a state court of last resort is due 90 days from entry of that judgment); Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) (observing that a state conviction is typically considered "final 'when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied'") (quoting Caspari v. Bohlen, 114 S. Ct. 948, 953 (1994)). That date triggered the AEDPA statute of limitations under § 2244(d)(1)(A), which expired one year later on December 31, 2015. The federal Petition that was executed by Samayoa on December 7, 2019, is late by almost four years and is therefore barred by the statute of limitations unless a statutory or equitable exception applies.

**B.     Statutory Tolling Will Not Save Samayoa's Untimely Petition**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for State post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review. Samayoa's State Habeas Applications, which were executed by him on October 19, 2015, and denied by the Texas Court of Criminal Appeals on February 17, 2016, were pending for a total of 122 days. Although these post-conviction applications extend that AEDPA deadline under § 2244(d)(2) from December 31, 2015, through May 2, 2016, the amount of statutory tolling available is not sufficient to render the pending Petition timely.

Samayoa does not demonstrate that there is any other statutory basis to toll the limitations period. He does not assert that he was subject to state action that impeded him from filing his Petition in a timely manner. See 28 U.S.C. § 2244(d)(1)(B). None of his claims are based on a constitutional right that has been newly recognized by the Supreme Court and made retroactive to cases on collateral review. See 28 U.S.C. § 2244(d)(1)(C). Moreover, none of his claims raise a constitutional issue that is based on a new "factual predicate" that could not have been discovered previously if the petitioner had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(D). As a result, statutory tolling will not save Samayoa's untimely federal Petition, which must be dismissed

unless an equitable basis exists to extend the statute of limitations on federal habeas review.

## C. Equitable Tolling is Not Warranted

Equitable tolling is available at the court's discretion where a petitioner demonstrates (1) that he pursued federal review with due diligence and (2) that "'some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005)). "The petitioner bears the burden of establishing that equitable tolling is warranted." Hardy v. Quarterman, 577 F.3d 596, 598 (5th Cir. 2009) (citation omitted).

Samayoa has not filed a response to Respondent's MSJ or offered a detailed explanation for his lengthy delay in seeking federal habeas review. In his Petition, which was filed on a pre-printed form for use by state prisoners in seeking federal habeas review, Samayoa notes that he is a pro se prisoner who does not know the law and does not speak English.[13] Although Samayoa represents himself, it is settled that a prisoner's pro se status, incarceration, and ignorance of the law do not excuse his failure to file a timely petition and are not grounds for equitable

---

[13]Petition, Docket Entry No. 1-1, p. 13. Samayoa testified through an interpreter at trial that he was born in Nicaragua, where he went to at least one year of law school before emigrating to the United States in 1999, but he did not complete his education and it is evident that he spoke very little English. See Court Reporter's Record, vol. 6, Docket Entry No. 18-11, pp. 185, 194.

-7-

tolling. See Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of [the] filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

Moreover, even assuming that his language barrier was an impediment, Samayoa does not allege what efforts he made to obtain assistance from a Spanish-speaking translator, either inside or outside the prison, before the AEDPA limitations period expired. Under these circumstances equitable tolling is unavailable. See Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir. 2006) (concluding that "a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source"); Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008) (absent a showing of due diligence, a petitioner's bare allegation that he lacked access to a translator during the limitations period is insufficient to justify equitable tolling for a language deficiency); see also Yang v. Archuleta, 525 F.3d 925, 929 (10th Cir. 2008) (lack of English language proficiency is not an

-8-

extraordinary circumstance that warrants equitable tolling); <u>Cobas v. Burgess</u>, 306 F.3d 441, 444 (6th Cir. 2002) ("An inability to speak, write and/or understand English, in and of itself, does not automatically" justify equitable tolling.); <u>Mendoza v. Minnesota</u>, 100 F. App'x 587, 588 (8th Cir. 2004) (lack of fluency in English does not constitute an extraordinary circumstance that warrants equitable tolling).

Because Samayoa fails to establish that any exception to the AEDPA statute of limitations applies, the Respondent's MSJ will be granted, and the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

### III. <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2569 (2004) (quoting <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604. Because this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct, a certificate of appealability will not issue.

### IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 19) is **GRANTED**.

2. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Jose Francisco Samayoa (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 2nd day of July, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE